**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1622**

_____

JIA ZHANG CHEN; DAN FENG GAO,

        Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of Orders of the Board of Immigration Appeals.

_____

Submitted:  October 20, 2010     Decided:  November 18, 2010

_____

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Jia Zhang Chen, Dan Feng Gao, Petitioners Pro Se.  Robbin Kinmonth Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jia Zhang Chen and his wife, Dan Feng Gao (collectively "Petitioners"), natives and citizens of the People's Republic of China, petition for review of two separate orders of the Board of Immigration Appeals ("Board") dismissing their appeals from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture.

The Petitioners first challenge the determination that they failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he [or she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

Based on our review of the record, we conclude that the Petitioners fail to demonstrate that the evidence in their case compels a contrary result. As found by the Board, the Petitioners have failed to demonstrate that the birth of their United States citizen children violated family planning policies

2

in the Fujian Province or that they will be subject to forced sterilization or other persecution if returned to China. See Matter of J-W-S-, 24 I. & N. Dec. 185 (B.I.A. 2007) (relying on State Department reports and concluding that the alien's evidence failed to demonstrate that China has a policy of requiring forced sterilization of a parent who returns with children born abroad or that any sanctions imposed in the Fujian Province would rise to the level of persecution). We therefore find that substantial evidence supports the denial of relief.

Additionally, we uphold the denial of the Petitioners' request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because the Petitioners failed to establish that they are eligible for asylum, they cannot meet the higher standard for withholding of removal.

We also conclude that substantial evidence supports the finding that the Petitioners failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed

3

country of removal." 8 C.F.R. § 1208.16(c)(2) (2010). Based on our review, we agree that the Petitioners failed to demonstrate that they will more likely than not be tortured due to any violation of China's family planning policies or for violating their country's illegal exit laws. See Xia Yue Chen v. Gonzales, 434 F.3d 212, 222 (3d Cir. 2005); Matter of J-W-S-, 24 I. & N. Dec. at 195.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4